## WOLVERTON v. ELLIS.

1. **Error without prejudice:** CANCELING STAMP. When depositions were removed from the clerk's office after filing and before trial, by one party without the consent of the other, for the purpose of canceling a revenue stamp which the commissioner had attached without cancellation, *held*, that the breach of § 4083 of the Revision of 1860 was technical merely, and did not prejudice the complaining party.

2. **Evidence:** PRACTICE. Evidence embraced in depositions will not be excluded on the trial on the ground that it was elicited in response to leading questions, when no objections were taken to the form of the questions when the depositions were taken.

*Appeal from Bremer District Court.*

MONDAY, APRIL 17.

ACTION on note of $345, dated 10th December, 1856, payable in twelve months. Defense: 1st, Usury; 2d, That defendant was only surety on the note; that, on the 20th April, 1859, plaintiff made an agreement with the principal, one W. B. Kipp, to extend the time of payment one year, for value received, during which time the said Kipp became insolvent. Trial by the court; judgment for the plaintiff in the sum of $430.50. Defendant appeals.

*Wright* for the appellant.

*Ruddick* for the appellee.

LOWE, J. — The refusal to suppress certain depositions, and to grant a new trial, upon motions of the defendant, are the errors complained of. The objections to the depositions are of two kinds. The first relates to the misprision of the clerk of the court in allowing the depositions, after they had been returned to his office, to be taken out upon the order of the plaintiff before the next term of the court, without the consent of the

defendant, the purpose being simply to cancel a revenue stamp attached thereto, inadvertently omitted by the commissioner taking the same. The object being honest, and the act but a technical breach, without prejudice (§ 4083), of the Revision, we cannot recognize the same as a sufficient reason for reversing the case.

The second objection goes to the competency of a part of the evidence, because responsive to certain interrogato-

2. EVIDENCE: ries that were leading and otherwise improper; practice. but this must fall to the ground, for the reason that no exception was interposed to the interrogatories at the time, and the evidence was elicited without objection.

The evidence bearing on the two defenses set up is evidently too conflicting to justify the conclusion that the court erred in overruling the motion for a new trial because the judgment of the court was against the weight of evidence; and the judgment will be

Affirmed.